[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14776

_____

D.C. Docket No. 2:10-cv-00932-MEF-WC

JOSEPH HOWARD,

Plaintiff – Appellant,

versus

STERIS CORPORATION,

Defendant – Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 18, 2013)

Before HULL and HILL, Circuit Judges, and PANNELL,[*] District Judge.

---

[*] Honorable Charles A. Pannell, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

HILL, Circuit Judge:

Appellant Joseph Howard (Howard) appeals from the district court's order granting summary judgment to Howard's employer-defendant, STERIS Corporation (STERIS), in his employment discrimination suit, brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-623; the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12112(a); and supplemental state law, 28 U.S.C. § 1367. Having reviewed the record and considered oral argument of the parties, we affirm the district court in all respects related to this appeal.

## I.

Howard, a fifty-eight-year-old male, was terminated by STERIS after twenty-three years of service, for sleeping on the job, in violation of established company policy.[1] The record reflects that Howard's medical history was a virtual lifetime of daytime sleepiness and difficulty sleeping at night. It is also clear from the record that Howard had nodded off at work "thousands of times" over the years,

---

[1] STERIS manufactures surgical tables, cabinets, and lights in Montgomery, Alabama. Howard began as a grinder, and later became an assembler. Malcolm McBride was director of facility operations. Ken Thomas was senior human resources manager. Jimmy Williams was Howard's direct supervisor. STERIS admits that Howard maintained an excellent work performance record throughout his employment.

and that "virtually every one of Howard's 250 co-workers recognized that he had some kind of sleep disorder."[2]

The evidence was that Howard never told any of his supervisors that he thought he had narcolepsy, or any other form of sleep disorder, as he found his condition embarrassing. More critically, Howard never sought treatment for, or was diagnosed by, any medical physician as having a sleep disorder.[3]

On June 11, 2009, supervisor Randy Bridges caught Howard sleeping at his workstation. Bridges contacted Williams, Howard's direct supervisor. He too observed Howard asleep at his desk.[4] The two confirmed their observations to Thomas, human resources manager. Howard was immediately suspended. The next day he was terminated.

---

[2] The record is replete with multiple examples of Howard falling asleep at plant-wide meetings, sometimes in the presence of high-ranking, out-of-state corporate officials. One time, Howard almost fell out of his chair.

[3] In high school, in 1973, a doctor gave Howard caffeine pills and told him that he might have narcolepsy. In 2009, Howard went to a doctor about his sleeping problems, but the physician determined Howard to have heart problems and Graves' disease which took precedence, and postponed any official diagnosis and treatment of a sleep disorder. Howard did inform his supervisors that he had Graves' disease. The medications for that thyroid disorder are not sleep-inducing.

[4] The record indicates that the STERIS employee handbook rule was that anyone caught sleeping on the job would be fired after the first offense, but only if two supervisors independently confirmed the violation. The company followed this policy consistently. In 2002, STERIS fired three employees, ages 39, 48, and 49, for sleeping on the job.

Two weeks later, Howard requested a meeting with plant manager McBride, to appeal the termination decision. McBride scheduled a meeting; Howard chose not to attend.[5]

Thereafter Howard filed suit in district court for disability and age discrimination. The district court granted summary judgment to STERIS. This appeal follows.

## II.

We review the district court's grant of summary judgment to STERIS *de novo* and apply the same legal standards as the district court. *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1310 (11th Cir. 2013). Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "The court must view all evidence most favorably toward the nonmoving party, and all

---

[5] After Howard was terminated, STERIS officials combined his former position with several other positions and staffed it by a rotating team of eight employees, one of whom may have been older than Howard, but one of whom was likely younger than Howard.

STERIS, as part of a cost-saving, reduction-in-force program, had offered a voluntary "Early Retirement Plan" in May 2009 to senior employees. Though eligible, Howard did not opt into the program. Of twenty employees recruited, only seventeen volunteered to take early retirement.

justifiable inferences are to be drawn in the nonmoving party's favor." *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990).

### III.

The ADA prohibits discrimination based on a disability.  42 U.S.C. § 12112(a).  Under the statute, employers must provide reasonable accommodations for known disabilities unless doing so would result in undue hardship.  *Id.* § 12112(b)(5)(A).  Howard claims that STERIS violated the ADA when it fired him for sleeping on the job; by not offering him a reasonable accommodation; and, by retaliating against him for complaining about his treatment.

Under the controlling law in this circuit, "[t]he burden-shifting analysis of Title VII employment discrimination claims is applicable to ADA claims." *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000).  To establish a prima facie case of discrimination under the ADA, Howard must show: (1) he is disabled; (2) he is a qualified individual; and, (3) he was subjected to unlawful discrimination because of his disability.  *Id.*  A person has a disability if he "has a physical or mental impairment that substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A).

5

The district court found that Howard had met his initial burden of showing he has a disability.  The evidence was that a pulmonologist and sleep specialist, Dr. Franco, diagnosed him with obstructive sleep apnea after Howard was terminated.  His endocrinologist, Dr. Casals, testified that Graves' disease can cause trouble sleeping too.  The district court determined that a reasonable jury had enough evidence to conclude that Howard's physical impairments substantially limited his ability to sleep, a major life activity under the ADA.  42 U.S.C. § 12102(2)(A).

Liability under the ADA requires the employer to have discriminated because of the employee's disability as the employer had *actual* knowledge of the alleged disability at the time it took adverse employment action.  *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1185 (11th Cir. 2005).  Howard argues that the decision makers had *constructive* notice of his sleep disorder.  This argument fails as "*'[d]iscrimination is about actual knowledge, and real intent, not constructive knowledge and assumed intent.'*"  *Id*. at 1183 (emphasis added).

The district court found that, as Howard has failed to prove that STERIS had actual knowledge of his alleged sleep disorder disability, together with the fact that Howard had received no medical diagnosis (before he was terminated) that he suffered from a sleep disorder of any kind, no reasonable jury could infer that STERIS discriminated against Howard because of a disability.  We agree.

Howard has failed to make a *prima facie* case under the ADA.  We affirm the district court on this issue for the reasons stated by the district court.

## IV.

The ADEA makes it illegal for an employer "to discharge any individual or otherwise discriminate against any individual" because of his age.  29 U.S.C. § 623(a)(1).  These are "individuals who are at least 40 years of age."  *Id*. § 631(a).

On appeal, Howard argues that the district court erred in denying his ADEA claim based on its conclusion that no reasonable jury could find that he was replaced with substantially younger employees.  *See* note 5 *supra*.  He claims that his sleeping on the job termination was mere pretext for the company's true motive to cut costs by firing older, more costly employees.  Howard also points to the early retirement option as proof of age discrimination.  *Id.*

The district court found these arguments to be meritless and concluded that Howard had failed to establish a *prima facie* case or a pretext under the ADEA. We agree.  We affirm the district court on this issue for the reasons stated by the district court.

## V.

Based on the foregoing, we affirm the judgment of the district court.

**AFFIRMED.**

7